# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**STACY MOORE,**<br>**Defendant.** | **Criminal Action No. 08-284 (JDB)** |

## MEMORANDUM OPINION & ORDER

Defendant Stacy Moore seeks to reduce his 120-month sentence for conviction of a crack cocaine offense based on a retroactive amendment to the sentencing guidelines. See 18 U.S.C. § 3582(c)(2). Because his sentence is the mandatory minimum under the governing statute, the Court will deny Moore's motion.

In 2008, Moore was arrested and indicted for unlawful possession of crack cocaine, possession of a firearm by a felon, and a number of other offenses. He entered a Rule 11(c)(1)(C) plea agreement—an agreement that specifies an agreed-upon sentence or sentencing range.[1] Pursuant to the agreement, Moore pled guilty to unlawful possession with intent to distribute 50 grams or more of cocaine base (also known as crack) in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (2006), and 18 U.S.C. § 2, and unlawful possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g). See Plea Agreement [Docket Entry 30] ¶ 1 (Mar. 20, 2009). He acknowledged responsibility for 59.6 grams of crack cocaine, 516 grams of cocaine powder, and 33.5 grams of heroin. See id. ¶ 2; see also Factual Proffer [Docket Entry 31]

---

[1] Federal Rule of Criminal Procedure 11(c)(1)(C) provides that, if the parties reach agreement on a plea, the plea agreement may specify that an attorney for the government will:

> agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement ).

Fed. R. Crim. P. 11(c)(1)(C).

at 2 (March 20, 2009). The plea agreement stipulated "that the mandatory minimum sentence of 120 months is the appropriate sentence for the offenses." Plea Agreement ¶ 3. After reviewing the presentence investigation report and comparing the agreed-to sentence to both the applicable United States Sentencing Guidelines range (108 to 135 months), and the applicable mandatory minimum (120 months), the Court accepted the plea agreement. On June 19, 2009, the Court imposed concurrent sentences of 120 months in prison for the two convictions, followed by a period of supervised release, and imposed a fine and special assessment. Subsequently, Moore filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) [Docket Entry 53], which he supplemented with certificates of the educational and training programs he has completed in prison [Docket Entry 55]. Assisted by counsel, he then supplemented his section 3582(c)(2) motion [Docket Entry 57]. The government opposes any reduction in Moore's sentence [Docket Entry 61].

At the time of Moore's crime and of his sentencing date, the governing statute set forth a mandatory minimum penalty of 120 months for possessing with intent to distribute 50 grams or more of crack cocaine. See 21 U.S.C. § 841(b)(1)(A)(iii) (2006). This reflected a gross disparity in the treatment of crack cocaine and powder cocaine, "impos[ing] upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount of crack cocaine." Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012). In 2010, Congress enacted the Fair Sentencing Act of 2010 ("FSA"), which reduced the crack-to-power disparity from 100-to-1 to 18-to-1. See Pub. L. No. 111-220, 124 Stat. 2372. The statute took effect on August 3, 2010. Under the FSA, the mandatory minimum sentence for possessing, with intent to distribute, 59.6 grams of crack cocaine would only be 60 months. See 21 U.S.C. 841(b)(1)(B)(iii) (2012); see also FSA § 2(a), Pub. L. No. 111-220, 124 Stat. 2372.

In light of the FSA, the United States Sentencing Commission promulgated amendments that lowered the guidelines ranges for crack offenses. See United States Sentencing Commission Guidelines Manual (U.S.S.G.), amends. 748 & 750 (2011 app. C, vol. 3). The Sentencing Commission made the reduced guidelines retroactive. See U.S.S.G. § 1B1.10(c) (2012). The government agrees with Moore that because the sentencing guidelines range was lowered retroactively, the applicable guidelines range is now 70 to 87 months, substantially below his actual sentence.

But a district court "may not modify a term of imprisonment once it has been imposed," except in limited circumstances. See 18 U.S.C. § 3582(c); see also Dillon v. United States, 130 S. Ct. 2683, 2690 (2010). As relevant here, a court may reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). Moore argues that he is eligible for a sentencing reduction under this provision, but his argument runs into two insurmountable hurdles: first, his sentence was not "based on" the sentencing guidelines; second, even if the lower guidelines range applied, the Court would still be required to sentence Moore to 120 months because the FSA is not retroactive and 120 months is the minimum sentence under the governing statute.

Turning to the first issue, the D.C. Circuit recently explained that whether a defendant who enters a Rule 11(c)(1)(C) plea can be said to have been sentenced "based on" the guidelines, within the meaning of section 3582(c)(2), depends on the district court's reasons for accepting the sentence that it ultimately imposed. See United States v. Epps, No. 11-3002, 2013 WL 500241, at *10 (D.C. Cir. Feb. 21, 2013). Here, in considering the parties' stipulated sentence under Rule 11(c)(1)(C), the Court considered the sentencing guidelines—which, at that time

recommended a sentence of 108 to 135 months. But the sentence the parties agreed to and the one the Court ultimately imposed was the lowest sentence permitted by statute. In this circumstance, the guidelines were only relevant to the Court's analysis in determining whether the parties' stipulated sentence was too low. In other words, even if the guidelines had advised a sentence of 70 to 87 months at the time of sentencing, the Court would still have accepted the plea agreement and sentenced Moore to 120 months. The sentence, based on the statutory minimum and the parties' agreement, was not based on the guidelines.

Even setting aside the fact that the sentence arose in the context of a Rule 11(c)(1)(C) plea, however, the Court cannot reduce Moore's sentence. Sentencing statutes "trump[] the Guidelines," so the Court must sentence an offender to at least the minimum prison term set out in the statute regardless of the applicable guidelines range. See Dorsey, 132 S. Ct. at 2327. If the 120-month mandatory minimum applies to Moore, the fact that the revised guidelines range now recommends a lower sentence can have no impact. Accordingly, the key question—as the parties recognize—is whether the FSA, which repealed the 120-month mandatory minimum, applies to Moore, who was sentenced on June 19, 2009, before the FSA's enactment. Binding authority has answered this question "no." In Dorsey, the Supreme Court held that "the Fair Sentencing Act's new minimums apply to all of those sentenced after August 3, 2010," id. at 2336, while acknowledging that this rule creates a disparity "between pre-Act offenders sentenced before August 3 and those sentenced after that date." Id. at 2335. And the D.C. Circuit has squarely held that the FSA "is not retroactive" and a defendant who was "sentenced prior to the August 3, 2010 date of the Act's enactment" "cannot benefit from [it]." United States v. Bigesby, 685 F.3d 1060, 1066 (D.C. Cir. 2012) (internal quotation marks omitted); see also United States v. Fields, 699

F.3d 518, 522 (D.C. Cir. 2012) ("the FSA is inapplicable to offenders, like Fields, who were sentenced before passage of the statute").

Given this rule—that only defendants sentenced after August 3, 2010, can benefit from the FSA—Moore could benefit from the reduced minimums only if this section 3582 proceeding constitutes a new sentencing. The Supreme Court has considered and rejected this very characterization of section 3582(c)(2) proceedings, however, holding that the provision "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon, 130 S. Ct. at 2691 (emphasis added); see also U.S.S.G. § 1B1.10(a)(3) ("proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant"). In light of this, Moore's sentencing date is indisputably June 19, 2009; accordingly, the FSA does not apply to him.

Moore raises a number of other arguments, but none can overcome the governing rule. For instance, he argues that the reasoning of Dorsey supports applying the FSA retroactively to defendants in his position. True, the Supreme Court's Dorsey analysis supports broad application of the FSA. But Dorsey itself limited its reasoning to defendants sentenced after August 3, 2010, and the D.C. Circuit's holdings in Bigesby and Fields have recognized and reaffirmed this limitation.[2] Moore also emphasizes the arbitrariness of treating differently individuals "with identical criminal histories, who engaged in the same criminal conduct involving the same amount of crack, and who sought § 3582(c)(2) reductions at the same time from the same judge." Def.'s Supp'l Mot. to Reduce Sentence [Docket Entry at 57] at 9 (July 30, 2012). But wherever the line is drawn, disparities will remain. See Fields, 699 F.3d at 522 ("'disparities, reflecting a

---

[2] Moreover, in applying the FSA to pre-Act offenders who were sentenced after the Act, the Supreme Court relied heavily on the Sentencing Reform Act's focus on the date "the defendant is sentenced." See Dorsey, 132 S. Ct. at 2332 (internal quotation marks omitted). This critical statutory hook is inapplicable to defendants sentenced before the FSA's enactment.

line-drawing effort, will exist whenever Congress enacts a new law changing sentences'"" (quoting <u>Dorsey</u>, 132 S. Ct. at 2335)). And the Supreme Court has acknowledged (and deemed acceptable) that a disparity will exist between otherwise similar offenders based on their sentencing date. <u>See</u> <u>Dorsey</u>, 132 S. Ct. at 2335 (acknowledging that its holding "will create a new disparity"); <u>see also</u> <u>Fields</u>, 699 F.3d at 522 ("To be sure, the FSA, as interpreted by <u>Dorsey</u>, produces a certain degree of arbitrariness."). Moore also emphasizes the unfairness of the crack-powder disparity and the desirability, given Congress's recognition in the FSA that the disparity is too high, of applying the reduced disparity broadly. It may be unfortunate that Moore, who is serving a sentence that both Congress and the Sentencing Commission now consider greater than necessary for his crime, cannot get a reprieve. But Congress, in choosing not to make the FSA retroactive, decided that those like Moore should continue to serve more severe sentences, and the Court cannot reduce his sentence in light of Congress's choice.

Several courts in this district have considered similar arguments about the FSA's application in section 3582(c)(2) proceedings and have reached the same result. <u>See, e.g.,</u> <u>United States v. Baucum</u>, No. 92-423, 2012 WL 6185715 (D.D.C. Dec. 12, 2012); <u>United States v. Seldon</u>, No. 06-318, 2012 WL 6004215 (D.D.C. Dec. 3, 2012); <u>United States v. Sartor</u>, No. 04-455, 2012 WL 3095351 (D.D.C. July 30, 2012). The Court joins them, holding that the pre-FSA mandatory minimums apply to Moore and preclude any sentence reduction in this section 3582(c)(2) proceeding.[3]

### **CONCLUSION**

---

[3] In his pro se motion, Moore also appears to argue that his sentence should be reduced due to post-sentencing rehabilitation, relying on <u>Pepper v. United States</u>, 131 S. Ct. 1229 (2011). That decision, however, is inapposite. <u>Pepper</u> allows a court to consider post-sentencing rehabilitation in imposing a new sentence after a remand for resentencing. <u>Id.</u> at 1241. Here, no remand for resentencing has occurred, and the Court's power to modify a previously imposed sentence is narrowly limited. Neither 18 U.S.C. § 3582(c)(2) nor any other provision allows the Court to reopen an imposed sentence based on post-sentencing rehabilitation.

Accordingly, it is hereby **ORDERED** that [53] Moore's motion to reduce his sentence is

**DENIED**.

**SO ORDERED**.

_____/s/_____
JOHN D. BATES
United States District Judge

Dated: <u>March 18, 2013</u>