UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STACY MOORE,**<br>Petitioner.<br>v.<br><br>**UNITED STATES OF AMERICA,**<br>Respondent. | **Civil Action No. 11-1947 (JDB)**<br>**Criminal Action No. 08-284 (JDB)** |

## MEMORANDUM OPINION

This case is before the Court on petitioner Stacy Moore's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court will deny the petition.

In 2008, Moore was arrested and indicted for unlawful possession of crack cocaine, possession of a firearm by a felon, and a number of other offenses. Moore pled guilty to unlawful possession with intent to distribute 50 grams or more of cocaine base (also known as crack) in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (2006), and 18 U.S.C. § 2, and unlawful possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g). See Plea Agreement [Docket Entry 30] ¶ 1 (Mar. 20, 2009). He acknowledged responsibility for 59.6 grams of crack cocaine, 516 grams of cocaine powder, and 33.5 grams of heroin. See id. ¶ 2; see also Factual Proffer [Docket Entry 31] at 2 (March 20, 2009). Moore also "agree[d] to waive certain rights afforded to [him] by the Constitution," including "the right to confront and cross-examine witnesses." Plea Agreement ¶ 6. The plea agreement stipulated "that the mandatory minimum sentence of 120 months is the appropriate sentence for the offenses." Id. ¶ 3. The Court accepted the plea agreement and, on June 19, 2009, imposed concurrent sentences of 120 months in prison for the two convictions followed by a period of supervised release, and imposed

a fine and special assessment. On November 3, 2011, Moore filed this pro se motion to vacate, set aside or correct his sentence [Docket Entry 54].

Moore raises two arguments in his petition: first, that he is "[a]ctually [i]nnocent of his . . . crack cocaine sentence" based on the Fair Sentencing Act, which is "retroactive," and second, that "his controlled substance offense is unconstitutional" because he "pled guilty to a substance that was never tested by a professional expert chemist," and because he "had a Sixth Amendment Right to have the drugs tested and verified in a court of law, under oath," under the Supreme Court's decision in Bullcoming v. New Mexico, 131 S. Ct. 2705 (2011). See Def.'s Mot. to Vacate [Docket Entry 54] at 2, 3 (Nov. 3, 2011).

The Court has separately addressed Moore's Fair Sentencing Act argument at length in resolving Moore's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). See No. 08-cr-284 [Docket Entry 62] (Mar. 18, 2013). Briefly, the D.C. Circuit has squarely held that that the FSA "is not retroactive" and a defendant who was "sentenced prior to the August 3, 2010 date of the Act's enactment" "cannot benefit from [it]." See United States v. Bigesby, 685 F.3d 1060, 1066 (D.C. Cir. 2012) (internal quotation marks omitted); see also United States v. Fields, 699 F.3d 518, 522 (D.C. Cir. 2012) ("the FSA is inapplicable to offenders, like Fields, who were sentenced before passage of the statute"). Because Moore was sentenced on June 19, 2009, the FSA does not apply to him. Further, the Court notes that even if the FSA did apply to Moore, his sentence would still be permissible—that is to say he would not be "actually innocent" of his 10-year sentence. As modified by the FSA, the statute Moore pled guilty to violating authorizes a sentence of "not . . . less than 5 years and not more than 40 years" for possession with intent to distribute more than 28 grams (but less than 280 grams) of crack cocaine. See 21 U.S.C.

§ 841(b)(1)(B)(iii) (2012). Moore's 10-year sentence falls within that range. For these two reasons, the FSA offers no basis for vacating Moore's conviction or sentence.

Moore's second argument is also unavailing. He stipulated to the identity and amount of the drugs and waived his rights, including specifically his Sixth Amendment right to confront any witnesses, including lab analysts, who testify against him in court. He does not now challenge the validity of the colloquy or the process that resulted in his plea, nor the knowing and voluntary nature of the plea. Given this admission and his waiver of the relevant rights—and absent any reason to doubt the validity of the plea agreement—Moore's conviction is valid. See McCarthy v. United States, 394 U.S. 459, 466 (1969) ("guilty plea is an admission of all the elements of a formal criminal charge" and "[a] defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers").[1]

Additionally, Moore's argument is time-barred. Normally, a section 2255 petition can be brought within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Court entered judgment on June 22, 2009, and Moore did not take an appeal. Accordingly, his judgment became final in July 2009. See Fed. R. App. P. 4(b)(1)(A). Moore filed this motion on November 3, 2011, more than two years later. Moore argues that the one-year period should instead run from the date of the Supreme Court's 2011 decision in Bullcoming. Where a section 2255 motion is based on a right "newly recognized by the Supreme Court," the one-year period runs from "the date on which the right asserted was initially recognized." 28 U.S.C. § 2255(f)(3). The right Moore asserts, however, was recognized (at the

---

[1] Moore's argument that the substances were never tested by a professional expert chemist is also incorrect as a factual matter. The government attaches a chemical analysis reflecting exactly the identity of the drugs and the amounts laid out in the factual proffer, including 59.6 grams of cocaine base. See Laboratory Report [Docket Entry 61-1] (Nov. 27, 2012).

latest) in Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009), which held that, where the government introduces a lab report at trial, a defendant has a Sixth Amendment right to confront the lab analysts who made the statements in the report. In Bullcoming, the Supreme Court simply applied that rule to a more complicated factual situation—not implicated by petitioner's argument—where an analyst who was not the lab report's author testified at trial. See Bullcoming, 131 S. Ct. at 2710. Moore's argument—that the conviction is flawed because no analyst testified at all—is based purely on the principle of Melendez-Diaz. Because Bullcoming did not "initially recognize[]" any right that formed the basis of Moore's motion, and because he filed this motion more than a year after the decision in Melendez-Diaz, 18 U.S.C. § 2255(f) bars his Sixth Amendment argument.

      Accordingly, the Court will deny Moore's motion.[2] A separate order has been issued.

/s/
JOHN D. BATES
United States District Judge

Dated: March 18, 2013

---

[2] The petition does not raise any factual issues and "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b). Hence, the Court will deny the motion without holding an evidentiary hearing.